UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN AVERY,

      Plaintiff,                    Case No.

v.                                      Hon.

FORD MOTOR COMPANY.

      Defendant.

Noah S. Hurwitz (P74063)
HURWITZ LAW PLLC
Attorneys for Plaintiff
340 Beakes St., Ste. 125
Ann Arbor, MI 48104
(844) 847-9489
Noah@hurwitzlaw.com

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff Jonathan Avery ("Plaintiff"), by and through his attorneys, HURWITZ LAW PLLC, and hereby states the following:

## INTRODUCTION

1. Plaintiff attempted to take a protected medical leave pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq*. ("FMLA"). Instead of being given the time and opportunity to recover and return to better health, Defendant Ford Motor Company, who was Plaintiff's joint employer, immediately terminated Plaintiff's employment.

1

## JURISDICTION AND PARTIES

2. Plaintiff is an individual residing in Ypsilanti, Washtenaw County, Michigan.

3. Defendant is a corporation headquartered in Dearborn, Michigan.

4. Plaintiff's claims under the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*, so the United States District Court for the Eastern District of Michigan has general federal question jurisdiction pursuant to 28 U.S.C. § 1331.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b), as it is the district in which a substantial part of the events giving rise to Plaintiff's claims occurred.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates by reference the foregoing paragraphs.

7. In July 2021, Plaintiff was hired by Defendant as a Maintenance Process Coach.

8. Plaintiff was jointly employed by Aerotek, a staffing company headquartered in Hanover, Maryland, and Defendant pursuant to 29 C.F.R. §§ 825.106(a)(2), 825.106(b)(1).

9. On or about January 19, 2022, Plaintiff notified Defendant that he suffered from a serious health condition.

10. On that date, Plaintiff requested from Aerotek further information on making a request for medical leave under the FMLA, and specified an intended start date for his medical leave of January 24, 2022.

11. On or about January 21, 2022, Plaintiff received a letter from Defendant's recruiting department, withdrawing his offer of employment with Defendant.

12. The letter provided that the reason for withdrawal was simply that Plaintiff's "leadership behaviors [were] inconsistent with the culture" of Defendant, and further that this action was in Defendant's best interests.

13. On or about January 21, 2022, Plaintiff was nevertheless advised by Aerotek to submit FMLA paperwork to request medical leave.

14. Plaintiff submitted FMLA paperwork to Aerotek on or about February 4, 2022. Plaintiff's FMLA paperwork included a report from his healthcare provider that he was unable to perform cognitive labor, and would be incapacitated until April 18, 2022.

15. Plaintiff received confirmation from Aerotek that the FMLA paperwork had been received on that same date.

16. On or about April 14, 2022, Plaintiff attempted to contact Aerotek to confirm whether he would be returning to work for Defendant. Plaintiff was never provided with any information.

17. On or about April 18, 2022, Plaintiff returned to the offices of Defendant to return from his FMLA leave.

18. Plaintiff was informed that he had been terminated by one of Defendant's employees whom he was supposed to be managing.

19. On or about April 19, 2022, Aerotek contacted Plaintiff to inform him that Defendant had cancelled his employment contract.

## COUNT I
## FAMILY AND MEDICAL LEAVE ACT OF 1993 ("FMLA") INTERFERENCE AND RETALIATION

20. Plaintiff incorporates by reference herein the foregoing paragraphs.

21. Plaintiff's health condition qualifies as a "serious health condition," under the Family and Medical Leave Act of 1993 ("FMLA") because it has involved "continuing treatment by a health care provider." 29 U.S.C. § 2611(11).

22. The Department of Labor ("DOL") regulations specifically prohibit an employer from "discriminating or retaliating against an employee or prospective employee for having exercised or attempting to exercise" his or her rights under that statute. 29 C.F.R. § 825.220(c).

23. Defendant and Aerotek employed Plaintiff in a joint employment relationship within the definition in 29 C.F.R. § 825.106(a)(2), because Aerotek as a staffing agency acted in Defendant's interest in relation to Plaintiff, by recruiting and managing Plaintiff, and ensuring that Defendant's staffing needs are met.

24. Moreover, in accordance with 29 C.F.R. § 825.106(b)(1), a joint employment relationship will ordinarily be found to exist when a temporary placement agency, such as Aerotek, supplies employees to a second employer, such as Defendant.

25. Within that joint employment relationship, Defendant wielded the authority to hire and fire Plaintiff, exercised power to assign Plaintiff's place of work, supervised his day-to-day work, and determined the salary he was to be paid. Aerotek managed Plaintiff's payroll functions.

26. In accordance with 29 C.F.R. § 825.106(e), both Defendant and Aerotek as joint employers were prohibited from interfering with Plaintiff's attempts to exercise his rights under the FMLA, and from discharging or discriminating against Plaintiff for opposing a practice which is unlawful under the FMLA.

27. In *Grace v. USCAR and Bartech Technical Services, LLC* 521 F.3d 655 (6th Cir. 2008), the Court held that a staffing agency and an automotive research company were joint employers for the purposes of the FMLA, in circumstances in which the staffing company routinely provided employees to the company. The Court held that both joint employers could be liable for violations of the FMLA.

28. Plaintiff engaged in protected activity when he gave notice to Defendant on January 19, 2022, that he suffered from a serious health condition and intended to apply for FMLA medical leave.

5

29. Furthermore, Plaintiff engaged in protected activity when he, together with his healthcare provider, submitted FMLA certification paperwork on or about February 4, 2022.

30. Plaintiff suffered adverse employment actions when he was terminated on January 21, 2022, and when his termination was confirmed on April 19, 2022.

31. The proffered reason for his termination is pretextual. Plaintiff was retaliated against for taking leave for his serious health condition.

32. Defendant's actions were knowing and willful.

33. Plaintiff has suffered feelings of depression, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment, and the physical effects associated therewith, and will so suffer in the future, as a direct and proximate result.

34. Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of his earning capacity and will so suffer in the future; he has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future, as a direct and proximate result of the violation.

## **DEMAND FOR RELIEF**

**WHEREFORE**, Plaintiff requests the following relief:

A. Compensatory damages for monetary and non-monetary loss,

    B.    Exemplary and punitive damages;

    C.    Prejudgment interest;

    D.    Attorneys' fees and costs; and

    E.    Such other relief as in law or equity may pertain.

Respectfully Submitted,

HURWITZ LAW PLLC

*/s/ Noah S. Hurwitz*
Noah S. Hurwitz (P74063)
Attorneys for Plaintiff
340 Beakes St. Ste. 125
Ann Arbor, MI 48104

Dated: May 1, 2023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN AVERY,

      Plaintiff,                               Case No.

v.                                             Hon.

FORD MOTOR COMPANY.

      Defendant.

---

Noah S. Hurwitz (P74063)
HURWITZ LAW PLLC
Attorneys for Plaintiff
340 Beakes St., Ste. 125
Ann Arbor, MI 48104
(844) 847-9489
Noah@hurwitzlaw.com

---

## JURY DEMAND

Plaintiff Jonathan Avery, by and through his attorneys, HURWITZ LAW PLLC, and hereby demands a trial by jury of the issues in the above-captioned cause of action.

                                                            Respectfully Submitted,

                                                            HURWITZ LAW PLLC

                                                            */s/ Noah S. Hurwitz*
                                                            Noah S. Hurwitz (P74063)
                                                            Attorneys for Plaintiff
                                                           340 Beakes St. Ste. 125
                                                           Ann Arbor, MI 48104

Dated: May 1, 2023